IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHN TIMOTHY PRICE,**

                      **Petitioner,**

        v.                                      **CASE NO. 24-3232-JWL**

**JAY T. ARMBRISTER,**

                      **Respondent.**

### MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner John Timothy Price, who proceeds pro se and who is currently incarcerated at the Douglas County Jail in Lawrence, Kansas. When Petitioner filed his petition in this matter (Doc. 1), he neither paid the filing fee nor filed a motion for leave to proceed in forma pauperis. Thus, on December 20, 2024, the Court issued a notice of deficiency (NOD) granting Petitioner until January 21, 2025 in which to either pay the fee or submit a motion for leave to proceed in forma pauperis. (Doc. 2.) The NOD expressly cautioned Petitioner that "[i]f you fail to comply within the prescribed time, . . . this action may be dismissed without further notice for failure to comply with this court order." *Id.* at 1. The deadline set in the NOD has passed and Petitioner has not paid the filing fee, nor has he filed anything further in this matter.

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders"). Due to Petitioner's failure to comply with the NOD, the Court

concludes that this matter should be dismissed under Rule 41(b).

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the COA requirement applies "whenever a state prisoner habeas petition relates to matters flowing from a state court detention order").

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with a court order. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 5th day of February, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge